******************************************

    The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

    All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

    The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

SANDRA HARVEY, ADMINISTRATRIX (ESTATE
OF ISAIAH BOUCHER) *v.* DEPARTMENT OF
CORRECTION ET AL.
(SC 20325)

Robinson, C. J., and Palmer, McDonald, D'Auria,
Mullins, Kahn and Ecker, Js.*

*Syllabus*

The plaintiff, the administratrix of the estate of the decedent, B, sought to
recover damages from the defendants, the Department of Correction
and the provider of health care for those in the department's custody,
for B's allegedly wrongful death. In July, 2015, the Claims Commissioner
authorized B to bring an action against the defendants for medical
malpractice, but B died without having done so. In September, 2016,
the plaintiff brought the present action against the defendants. The
defendants filed a motion to dismiss, claiming that the action was time
barred by the statute (§ 4-160 (d)) requiring a plaintiff who has been
granted authorization to sue the state by the Claims Commissioner to
bring an action within one year from the date that the authorization
was granted. The plaintiff filed an objection, arguing that the one year
time limitation contained in § 4-160 (d) was inoperative because the
two year time limitation in the wrongful death statute (§ 52-555 (a))
controlled her wrongful death claim on behalf of B's estate. The trial
court granted the motion to dismiss for lack of subject matter jurisdiction
and rendered judgment for the defendants. The plaintiff appealed from
the trial court's judgment to the Appellate Court, which affirmed. The
Appellate Court concluded that the plaintiff was required to comply
with both the one year time limitation contained in § 4-160 (d) and the
two year time limitation contained in § 52-555 (a). More specifically, the
Appellate Court held that, because § 4-160 created a right of action
against the state that did not exist at common law, that statute's one
year time limitation constituted a strict limitation on the waiver of
sovereign immunity. The Appellate Court also rejected the plaintiff's
claim that the two year statute of limitations in § 52-555 (a) superseded or
rendered inoperative the one year limitation on the waiver of sovereign
immunity, reasoning that nothing in the text of § 4-160 (d) excepts
wrongful death actions from the strict, one year time limitation on the
waiver of sovereign immunity. The Appellate Court further held that,
because the Claims Commissioner's authorization to sue had expired
when the plaintiff brought the present action, sovereign immunity barred
her action, and the trial court properly granted the defendants' motion
to dismiss. On the granting of certification, the plaintiff appealed to this
court. *Held* that the Appellate Court's reasoning and analysis were sound,
and, accordingly, that court properly upheld the trial court's granting of
the defendants' motion to dismiss for lack of subject matter jurisdiction;
moreover, this court's decision in *Soto* v. *Bushmaster Firearms International, LLC* (331 Conn. 53), which recognized that the two year statute
of limitations for wrongful death actions contained in § 52-555 (a) does
not supersede a time limitation in a statute that creates a right of action
that did not exist at common law, provided additional support for the
Appellate Court's holding because § 4-160 created the right to sue the
state for medical negligence, subject to authorization by the Claims
Commissioner, and the plaintiff was thus required to comply with both
the two year statute of limitations of § 52-555 (a) and the one year
limitation period set forth in § 4-160 (d).

(*One justice concurring separately*)

Argued May 4—officially released October 9, 2020**

*Procedural History*

Action to recover damages for the wrongful death of
the plaintiff's decedent as a result of the defendants'
alleged medical malpractice, and for other relief,

brought to the Superior Court in the judicial district of Hartford, where the court, *Elgo, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to the Appellate Court, *DiPentima, C. J.*, and *Sheldon* and *Prescott, Js.*, which affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Affirmed.*

*Mario Cerame*, with whom, on the brief, were *Timothy Brignole* and *David Bush*, for the appellant (plaintiff).

*James M. Belforti*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Clare E. Kindall*, solicitor general, for the appellees (defendants).

*Opinion*

McDONALD, J. The nub of the question before us is whether the limitations period for a claim against the state brought by the representative of a decedent is controlled by General Statutes § 52-555 (a)[1] regarding wrongful death claims, General Statutes § 4-160[2] regarding actions authorized by the Claims Commissioner, or both. The plaintiff, Sandra Harvey, administratrix of the estate of Isaiah Boucher, appeals from the judgment of the Appellate Court, which affirmed the trial court's judgment dismissing the action against the defendants, the Department of Correction and the University of Connecticut Health Center Correctional Managed Health Care,[3] for lack of subject matter jurisdiction. The plaintiff argues that the Appellate Court incorrectly concluded that her action was time barred by § 4-160 (d). She argues that, instead, § 52-555 (a) provides the controlling statute of limitations. We conclude that a plaintiff in the unusual posture of the one here, who brings a wrongful death action against the state after having previously obtained permission to sue for medical negligence from the Claims Commissioner, must comply with both the two year time limitation for a wrongful death action articulated in § 52-555 (a) and the one year time limitation on the Claims Commissioner's authorization to sue articulated in § 4-160 (d). Because the plaintiff only complied with the statute of limitations contained in § 52-555 (a) and not with the limitation period articulated in § 4-160 (d), we affirm the judgment of the Appellate Court.

The record reveals the following undisputed facts, including the dates that are relevant for the limitations periods at issue, and procedural history. In 2011, while incarcerated, Boucher became ill and requested medical treatment from the state. In 2013, he was diagnosed with cancer. He filed a notice of claim with the Claims Commissioner, seeking permission to file a medical malpractice action against the state on the basis of allegations relating to the delay in providing diagnostic testing and treatment. On July 16, 2015, the Claims Commissioner authorized Boucher to sue the state for medical malpractice. On September 26, 2015, Boucher died as a result of his cancer.

On September 29, 2016—approximately fourteen months after authorization was obtained from the Claims Commissioner and 369 days after Boucher's death—the plaintiff, as administratrix of Boucher's estate, brought the present action for wrongful death against the state. The state filed a motion to dismiss, asserting that the action was time barred. The state argued that a plaintiff who has obtained authorization to sue the state from the Claims Commissioner has only one year to do so under § 4-160 (d), and the plaintiff brought the present action more than one year and two months after the Claims Commissioner authorized Boucher's action.

The plaintiff filed an objection and memorandum of law in opposition to the motion to dismiss, arguing that the one year time limitation contained in § 4-160 (d) was inoperative because the two year time limitation contained in § 52-555 (a) controlled her wrongful death claim on behalf of Boucher's estate.

The trial court granted the state's motion to dismiss. The court noted that the time limitation period contained in § 4-160 (d) must be narrowly construed and strictly applied because the statute both derogates sovereign immunity and creates a right of action that did not exist at common law. The court concluded that a plaintiff seeking to bring a statutory cause of action against the state must comply with *both* the one year time limitation under § 4-160 (d) *and* the applicable statute of limitations that governs the underlying cause of action. It determined that the "[f]ailure to comply with either [time limitation] deprives the court of subject matter jurisdiction and is grounds for dismissal." Thereafter, the trial court denied the plaintiff's motion for reconsideration and reargument.

The plaintiff appealed from the judgment of the trial court to the Appellate Court. On appeal, she claimed that the trial court improperly granted the state's motion to dismiss because the two year time limitation for a wrongful death action articulated in § 52-555 (a) cannot be limited by § 4-160 (d). The Appellate Court affirmed the judgment of the trial court, concluding that the plaintiff was required to comply with both the one year time limitation contained in § 4-160 (d) and the two year time limitation contained in § 52-555 (a). *Harvey* v. *Dept. of Correction*, 189 Conn. App. 93, 103, 108, 206 A.3d 220 (2019).

The Appellate Court focused on the well established rule that a statute in derogation of sovereign immunity, such as § 4-160 (d), must be strictly and narrowly construed. See id., 100–101. Additionally, the court articulated the principles concerning statutory time limitations. See id., 101–102. Specifically, the Appellate Court explained that a time limitation contained in a statute that creates a right of action that did not exist at common law constitutes a substantive prerequisite to the trial court's subject matter jurisdiction, limiting the defendant's liability. See id., 102. This type of time limitation, the Appellate Court reasoned, is distinguishable from a statute of limitations applicable to a right of action that existed at common law, which is a procedural limitation on the availability of the remedy. See id.

The Appellate Court concluded that, because § 4-160 creates a right of action against the state that did not exist at common law, the one year time limitation contained within it constitutes a strict limitation on the waiver of sovereign immunity. Id., 101–102. The Appellate Court explained that the waiver expired approximately two months before the plaintiff commenced the

present action, so the principles of sovereign immunity deprived the trial court of subject matter jurisdiction. See id., 102, 106.

The plaintiff nonetheless argued that the two year statute of limitations contained in § 52-555 (a) "superseded or rendered inoperative" the one year limitation on the waiver of sovereign immunity. Id., 103. The Appellate Court rejected this argument, reasoning that nothing in the text of § 4-160 (d) excepts wrongful death actions from the strict, one year time limitation on the waiver of sovereign immunity. See id.

The Appellate Court also rejected the plaintiff's reliance on *Lagassey* v. *State*, 281 Conn. 1, 5, 914 A.2d 509 (2007), and *Ecker* v. *West Hartford*, 205 Conn. 219, 226, 530 A.2d 1056 (1987). *Harvey* v. *Dept. of Correction*, supra, 189 Conn. App. 103–105. The court distinguished *Lagassey* on the ground that the plaintiff in that case commenced her action within one year of the Claims Commissioner's grant of authorization to sue the state, in compliance with § 4-160 (d). See id., 104. Nothing in the court's holding in *Lagassey*—that the plaintiff's action was time barred because she commenced it outside the two year statute of limitations for wrongful death under § 52-555 (a)—suggested that compliance with § 4-160 (d) was unnecessary. See id., 104–105. The court reasoned that *Ecker* was inapposite because it considered only whether the two year statute of limitations could be waived; it did not consider how § 52-555 (a) impacted the court's jurisdiction over an action that was untimely under other applicable statutes. See id., 105.

The Appellate Court noted that "statutes of limitations generally are wielded by defendants as shields; their purpose is not to provide additional substantive rights to plaintiffs." Id., 106. It concluded that the plaintiff was required to "comply with both § 4-160 (d) and the underlying, applicable statute of limitations in order to timely bring an action against the state." Id. Because the Claims Commissioner's authorization to sue had expired when the plaintiff brought the present action, the Appellate Court held that sovereign immunity barred her action and that the trial court properly granted the state's motion to dismiss. See id.

Thereafter, the plaintiff filed a petition for certification to appeal, which we granted, limited to the following issue: "Did the Appellate Court correctly conclude that the plaintiff's action had to be dismissed pursuant to the sovereign immunity provisions of . . . § 4-160 (d), notwithstanding the time limitations set forth in . . . § 52-555 for bringing a wrongful death action?" *Harvey* v. *Dept. of Correction*, 332 Conn. 905, 208 A.3d 1239 (2019).

After reviewing the parties' briefs, the record, and the oral argument, we conclude that the Appellate Court's

reasoning and analysis were sound, and its conclusion was correct. Nevertheless, we address two additional points not considered by the Appellate Court that support its conclusion that the plaintiff was required to comply with both §§ 52-555 (a) and 4-160 (d).

First, the state claims that this court recently recognized that the two year statute of limitations for wrongful death actions contained in § 52-555 (a) does not supersede a time limitation in a statute that creates a right of action that did not exist at common law. See *Soto* v. *Bushmaster Firearms International, LLC*, 331 Conn. 53, 102–105, 202 A.3d 262, cert. denied sub nom. *Remington Arms Co., LLC* v. *Soto*,    U.S.    , 140 S. Ct. 513, 205 L. Ed. 2d 317 (2019). We agree that this aspect of *Soto* provides additional support for the Appellate Court's holding in the present case.

In *Soto*, the administrators of the estates of certain children and school employees killed at Sandy Hook Elementary School brought an action against the manufacturers, distributors, and retailers of the semiautomatic rifle that the assailant used to kill the decedents. Id., 64–67. Among other causes of action, the plaintiffs brought claims under § 52-555 (a) for wrongful death. Id., 67. These claims alleged, inter alia, that the defendants' violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., provided the underlying theory of liability.[4] See id. The defendants moved to strike these claims as time barred by CUTPA's three year statute of limitations, reasoning that the latest alleged CUTPA violation occurred when the defendant retailers sold the rifle to the assailant's mother in March, 2010, and the plaintiffs commenced their action on December 13, 2014, within two years of the decedents' deaths but more than four years after the retailers sold the rifle. Id., 100–101. The trial court *denied* the defendants' motions to strike in this respect, reasoning that, "when a wrongful death claim is predicated on an underlying theory of liability that is subject to its own statute of limitations, it is the wrongful death statute of limitations that controls." Id., 102.

We reversed this aspect of the judgment, holding that the trial court should have struck as time barred those wrongful death claims that were predicated on unfair trade practice allegations because the plaintiffs failed to comply with both the two year, wrongful death statute of limitations and the three year limitation period contained in CUTPA. See id., 105. We recognized that, "*in the ordinary case*, § 52-555 (a) supplies the controlling statute of limitations regardless of the underlying theory of liability." (Emphasis added.) Id., 102. But we reasoned that, when a statute creates a right of action that did not exist at common law, the time limitation provision contained in that statute limits not only the availability of the remedy, but the existence of the right itself. See id., 103. "For such statutes, we have said that

the limitations provision 'embodies an essential element of the cause of action created—a condition attached to the right to sue at all. . . . Failure to [strictly observe the time limitation] results in a failure to show the existence of a good cause of action.' " Id., quoting *Blakely* v. *Danbury Hospital*, 323 Conn. 741, 748–49, 150 A.3d 1109 (2016). We concluded that the time limitation is thus a substantive element of the right of action and must be strictly observed—including when that right of action provides the underlying theory of liability for a wrongful death claim. See *Soto* v. *Bushmaster Firearms International, LLC*, supra, 331 Conn. 104–105. Accordingly, we held in *Soto* that, because CUTPA created a right of action that did not exist at common law, the plaintiffs were required to comply with both the two year limitation period under the wrongful death statute *and* the three year limitation period under CUTPA. Id., 103, 105.

Here, the state argues that our holding in *Soto* requires the plaintiff to comply with both the two year limitation period for wrongful death under § 52-555 (a) and the one year limitation period for the waiver of sovereign immunity under § 4-160 (d). The plaintiff concedes that her appeal likely fails if we conclude that *Soto* controls. Application of the rule from *Soto* turns on whether the theory of liability underlying the plaintiff's wrongful death claim is a right of action that existed at common law.

The theory of liability underlying the plaintiff's wrongful death claim is medical negligence, which is a cause of action that did exist at common law. See id., 102–103 ("This court applied [the rule in the ordinary case] in *Giambozi* v. *Peters*, 127 Conn. 380, 16 A.2d 833 (1940), overruled in part on other grounds by *Foran* v. *Carangelo*, 153 Conn. 356, 216 A.2d 638 (1996), in which the court held that the statute of limitations of the predecessor wrongful death statute, rather than the limitations provision applicable to medical malpractice claims, governed in a wrongful death action based on malpractice. Id., 385 . . . ." (Citation omitted.)). Common law created the right of action for medical negligence, and statutes, such as General Statutes § 52-584, define the availability of the remedy by imposing a limitation period. When medical negligence provides the theory of liability for a wrongful death claim, the negligence statute of limitations is supplanted by § 52-555 (a), which provides the only applicable limitation period. See, e.g., *Giambozi* v. *Peters*, supra, 385; see also, e.g., *Isaac* v. *Mount Sinai Hospital*, 210 Conn. 721, 723, 725, 557 A.2d 116 (1989) ("[i]t is undisputed" that limitation period articulated in § 52-555 governs wrongful death action alleging medical malpractice against hospitals, doctor, and anesthesiology practice).

Significant to the present case, however, is the fact that the state has always enjoyed immunity from any

action seeking damages for negligence, medical or otherwise. "The principle that the state cannot be sued without its consent, or sovereign immunity, is well established under our case law. . . . It has deep roots in this state and our legal system in general, finding its origin in ancient common law." (Citation omitted; internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Fleming*, 284 Conn. 250, 258, 932 A.2d 1053 (2007). Section 4-160 created the right to sue the state for medical negligence, subject to authorization by the Claims Commissioner, so the one year time limitation in § 4-160 (d) is not supplanted by § 52-555 (a). As such, a plaintiff's right to sue the state exists only during the one year period authorized by the Claims Commissioner.

Because the right of action providing the theory of liability that underlies the plaintiff's wrongful death claim could not be maintained against the state at common law, *Soto* further establishes that the plaintiff was required to comply with *both* the two year statute of limitations for wrongful death under § 52-555 (a) *and* the one year limitation period for the Claims Commissioner's authorization to sue the state under § 4-160 (d).

The second point not directly considered by the Appellate Court involves our decision in *Leahy* v. *Cheney*, 90 Conn. 611, 98 A. 132 (1916). On appeal to this court, the plaintiff contends that the reasoning in *Leahy* supports her argument that the two year time limitation for a wrongful death action should control. In that case, the plaintiff, the executrix of an employee, sued the defendants, the executors of the employer, for breach of contract. See id., 612–13. The plaintiff filed her action within the six year limitation period for breach of contract but more than one year after the employee died. See id., 613–14. The defendants argued that the plaintiff's action was time barred because General Statutes (1902 Rev.) § 1128[5] required the plaintiff to bring it within one year of the decedent employee's death. See id., 613.

This court rejected the defendants' argument, reasoning instead that § 1128 "was not intended to shorten the statutory time" for the action to be brought; id.; but, rather, was meant to give the decedent's executor or administrator, at minimum, one "full year in which to take out administration, learn of the existence of the claim, and bring [an action]." Id., 614. We concluded that § 1128 provided the executor or administrator of an estate as much time as remained of the unexpired limitation period at the time of the decedent's death, except that, if the limitation period were to expire within one year of the decedent's death, then it would extend to one year from the date of the decedent's death. See id.

In the present case, the plaintiff characterizes § 1128 as "the then applicable wrongful death statute" and

argues that this court's reasoning in *Leahy* supports her argument that the two year limitation period from § 52-555 (a) should supersede the one year limitation period from § 4-160 (d). This argument is unpersuasive for two reasons.

First, § 1128 was not the predecessor statute to § 52-555. The legislature renumbered § 1128 as General Statutes § 52-594 and amended § 52-594 in 1982. Both of these substantially similar statutes provide one year from the date of a decedent's death for an administrator or executor to commence an action for which the statute of limitations would expire during that year. See footnote 5 of this opinion. Neither statute creates a cause of action for wrongful death. As such, our analysis in *Leahy* of the purpose of § 1128 is not probative of the statutes at issue in this case.

Second, even if the plaintiff were correct that *Leahy* is applicable to her action, our holding in *Leahy* would fail to save her cause of action from dismissal. Before the Appellate Court, the plaintiff similarly argued that § 52-594 extended the Claims Commissioner's waiver of sovereign immunity. *Harvey* v. *Dept. of Correction*, supra, 189 Conn. App. 106–107. The Appellate Court reasoned that, even if that were true, the plain text of § 52-594 indicates that it would extend the Claims Commissioner's waiver of sovereign immunity by only one year from the date of Boucher's death. See id., 108. The limitation period would have then expired on September 26, 2016. Id. "[U]nder the law of our state, an action is commenced not when the writ is returned but when it is served [on] the defendant." (Footnote omitted; internal quotation marks omitted.) *Rocco* v. *Garrison*, 268 Conn. 541, 549, 848 A.2d 352 (2004). Here, the plaintiff served the state on September 29, 2016. *Harvey* v. *Dept. of Correction*, supra, 108. We conclude that, even if *Leahy* were applicable, § 52-594 would not save the plaintiff's cause of action.

In sum, having reviewed the briefs of the parties and the record on appeal, we conclude that the issue on which we granted certification was properly resolved in the well reasoned decision of the Appellate Court. Consistent with that conclusion, we further conclude that our decision in *Soto* v. *Bushmaster Firearms International, LLC*, supra, 331 Conn. 53, requires a plaintiff who brings an action for wrongful death to comply with both the two year statute of limitations contained in § 52-555 (a) and the limitation period contained in the statute providing the underlying theory of liability, when that theory did not exist as a right of action at common law. See id., 105. On the basis of the foregoing, we conclude that the Appellate Court properly upheld the trial court's granting of the state's motion to dismiss for lack of subject matter jurisdiction.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

** October 9, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 52-555 (a) provides: "In any action surviving to or brought by an executor or administrator for injuries resulting in death, whether instantaneous or otherwise, such executor or administrator may recover from the party legally at fault for such injuries just damages together with the cost of reasonably necessary medical, hospital and nursing services, and including funeral expenses, provided no action shall be brought to recover such damages and disbursements but within two years from the date of death, and except that no such action may be brought more than five years from the date of the act or omission complained of."

[2] General Statutes § 4-160 provides in relevant part: "(a) Whenever the Claims Commissioner deems it just and equitable, the Claims Commissioner may authorize suit against the state on any claim which, in the opinion of the Claims Commissioner, presents an issue of law or fact under which the state, were it a private person, could be liable. . . .

* * *

"(d) No such action shall be brought but within one year from the date such authorization to sue is granted. With respect to any claim presented to the Office of the Claims Commissioner for which authorization to sue is granted, any statute of limitation applicable to such action shall be tolled until the date such authorization to sue is granted. . . ."

Although § 4-160 was the subject of amendments in 2016 and 2019; see Public Acts 2019, No. 19-182, § 4; Public Acts 2016, No. 16-127, § 19; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[3] For convenience, we hereinafter refer to the defendants, collectively, as the state.

[4] CUTPA provided two underlying legal theories of liability. First, the plaintiffs in *Soto* claimed that the defendants' sale of the military grade weapon into the civilian market was a negligent and unfair trade practice. *Soto* v. *Bushmaster Firearms International, LLC*, supra, 331 Conn. 73. Second, the plaintiffs claimed that the defendants marketed and advertised the weapon in an unethical manner. Id. Only the first theory of liability is relevant to the present case.

[5] As this court explained, General Statutes (1902 Rev.) § 1128 provided that, "where the time limited for the commencement of any personal action, which by law survives to the representatives of a deceased person, shall not have elapsed at the time of his decease, the term of one year from the time of such decease shall be allowed to his executor or administrator to institute a suit therefor, and that in such cases such term shall be excluded from the computation." *Leahy* v. *Cheney*, supra, 90 Conn. 613, citing General Statutes (1902 Rev.) § 1128.

Hereinafter, all references to § 1128 are to the 1902 revision of the statute.